UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHAH MD IMRAN KADER,

                               Petitioner,

                v.

WILLIAM P. BARR, THOMAS FEELEY,
and JEFFREY SEARLS,

                               Respondents.
_____

<u>ORDER TO SHOW CAUSE</u>

19-CV-6401L

       Petitioner Shah MD Imran Kader, proceeding pro se, brought the instant petition for a writ of habeas corpus on May 30, 2019. (Dkt. #1). Petitioner contends, *inter alia*, that his ongoing detention without a bond hearing violates his Fifth Amendment right to due process. On November 12, 2019, petitioner filed a letter motion, requesting expedited disposition of his petition. (Dkt. #9).

       Familiarity with the underlying facts and procedural history of this matter is presumed. In brief, petitioner has now been detained for approximately eighteen months without an individualized bond hearing. The record indicates that the present delays in his case are attributable to ongoing proceedings before the immigration court. Most recently, on October 17, 2019, the Board of Immigration Appeals ("BIA") sustained petitioner's appeal of an Immigration Judge's ("IJ") May 14, 2019 decision which had denied petitioner's application for asylum, withholding of removal, and protection under the Convention Against Torture. Holding that the IJ's credibility findings were "clearly erroneous," the BIA reversed the IJ's decision, and remanded the matter for further proceedings and entry of a new decision. (Dkt. #9 at 5-10). There is no

evidence that petitioner has undertaken his immigration and/or appellate proceedings abusively, or in bad faith. To the contrary, although petitioner was entirely successful in appealing the IJ's May 14, 2019 decision, the prosecution of his appeal took 5 months, and the matter still awaits further proceedings and a new decision by an Immigration Judge – all delays that have arisen through no fault of petitioner's.

It is well settled that an alien's due process rights, however limited, include the right to challenge prolonged detention, and that absent proof of some delay attributable to the alien's abuse of the appeals process, an alien's detention for more than twelve months without a bond hearing raises Constitutional concerns. *See Falodun v. Sessions*, 2019 U.S. Dist. LEXIS 109157 at \*34 (W.D.N.Y. 2019); *Dutt v. Nielsen*, 2019 U.S. Dist. LEXIS 77108 (W.D.N.Y. 2019). *See generally Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) ("where detention's goal is no longer practically attainable, detention no longer bears a reasonable relation to the purpose for which the individual was committed") (internal quotation marks and brackets omitted).

As such, in matters factually similar to this one, district courts have not hesitated to order the government to conduct an individualized bond hearing. *See Dutt*, 2019 U.S. Dist. LEXIS 77108 (ordering an individualized bond hearing for a petitioner detained for over fifteen months, where the delay was attributable to the "normal administrative and appeals process" and not to any abuse of that process by the alien); *Fremont v. Barr*, 2019 U.S. Dist. LEXIS 57296 (W.D.N.Y. 2019) (ordering immediate release of alien detained twelve months, unless an individualized bond hearing is held within fourteen days); *Lett v. Decker*, 346 F. Supp. 2d 379 (S.D.N.Y. 2018) (alien detained for over twelve months is entitled to an individualized bond hearing); *Joseph v. Decker*, 2018 U.S. Dist. LEXIS 198781 (S.D.N.Y. 2018) (ordering an individualized bond hearing for an alien detained over fourteen months).

Petitioner has now been detained for approximately eighteen months without an individualized bond hearing. The Court therefore grants the petitioner's request for expedited relief. (Dkt. #9). Respondents are directed to respond, within ten (10) days of entry of this Order, and show cause why the Court should not immediately grant the instant petition and order that an individualized bond hearing be conducted forthwith before a neutral decision maker, at which the government would be required to prove, by clear and convincing evidence, that petitioner's continued detention is justified.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 5, 2019.